FRANK RICKERSHAUSER v. ANNA K. McMAHAN.

1. DEED *by Minor, Better than Mere Possession.* One who claims title to land through a regular line of conveyances from one who is a minor when he executed his deed of conveyance, has a better title thereto than one who merely has possession of the same without other claim of title.

2. —— *Questioning Title.* One who is in possession of land with no right or title thereto except mere possession, will not be permitted to question the right of one who has a chain of title thereto which is apparently perfect, except that one of the grantors in the line of conveyances was a minor when he executed a deed to said premises.

*Error from Wabaunsee District Court.*

EJECTMENT, by *McMahan* against *Rickershauser*. Trial by the court at the March term, 1886, and judgment for plaintiff. The defendant brings the case here. The material facts appear in the opinion.

*Geo. G. Cornell, John Martin,* and *A. H. Case,* for plaintiff in error.

*John T. Bradley,* for defendant in error.

Opinion by HOLT, C.: Defendant in error as plaintiff, brought her action against defendant to recover the south one-half of the northwest quarter section 36, township 11, and range 11, Wabaunsee county. This land was originally allotted to Captain, a Pottawatomie Indian, who died leaving a wife, Pash-com-go-quah, and a son, Thomas Shah. In 1876 the defendant was appointed guardian of Thomas Shah, then a minor, the heir of Captain, and obtained authority to sell the land in controversy as Shah's guardian, for the benefit of the ward, and a guardian's deed was ordered by the probate court. A deed was executed in which Rickershauser, guardian of the estate of Thomas Shah, and Thomas Shah the minor heir of Captain, were grantors. They sold the land to one Wehrlie. The deed was signed by Frank Rickershauser, guardian, and Thomas Shah also, and was duly acknowledged. In the trial of the cause all of the proceedings had in the probate court were stricken from the record as being insufficient to authorize the guardian's deed, but the deed itself was allowed to remain as some proof of the conveyance of Thomas Shah. Almost immediately after the deed was made to Wehrlie, he conveyed the land without consideration to defendant, Anna K. Rickershauser, the nine-year-old daughter of plaintiff. At that time the plaintiff was somewhat involved, there being judgments for $7,000 against him. He took possession of the land, and has retained it ever since.

There was no consideration passed from Rickershauser or his daughter Anna, to Wehrlie. Rickershauser himself says the deed was made to his daughter upon the condition that she should remain with him until twenty-one years old; that, however, is denied by the other witnesses. Afterward the then wife of Rickershauser was divorced from him, and the daughter went with the mother, although she afterward returned, and stayed with her father for a few months. Later still she was married, and, after she arrived at the age of majority, brought this action. Pash-com-go-quah, the widow of Captain, deeded her interest in the land to John B. Vieaux, who with his wife deeded it to August Wehrlie before his deed to plaintiff. Shah, the minor, at the commencement of this suit, was twenty-four years of age. Trial by the court, and general finding and judgment for plaintiff. Defendant seeks to review the judgment here.

We believe the judgment of the district court was correct. The defendant had the legal title. She had the interest of the wife of Captain in the land, through a regular chain of title, and Shah himself made a deed to her grantor. To be sure, he was a minor when he made the deed, and it could have been set aside by Shah himself after he had reached his majority; but we cannot perceive how Rickershauser could have taken advantage of the fact that Shah was a minor at the time he deeded his property to Anna K. Rickershauser, another minor, when the only title he had at the commencement of this action was that of possession. We think, as between plaintiff and defendant in this case, that plaintiff had the unquestionable legal title, and that none of the equities were in favor of defendant. It seems that the transactions of Rickershauser as guardian were of a questionable character, and if he had not succeeded in his evident intention to secure this property to himself, it would not be any injustice to him, considering his methods to obtain the land. He does not stand in the place of Shah, and he has no interest in the land except that of possession, and in this action it is evident that

the plaintiff has the better legal title and a stronger equitable right.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.